United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SANDEEP KAUR and CINDY DORIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ENVISION HEALTHCARE CORPORATION, EMCARE, INC., EMCARE IAH EMERGENCY PHYSICIANS PLLC, and OLD SETTLERS EMERGENCY PHYSICIANS, PLLC,<br><br>Defendants. | Case No. 4:19-cv-02480<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL CERTIFICATION OF SETTLEMENT CLASS** |

1. WHEREAS, Plaintiffs Sandeep Kaur ("Plaintiff Kaur") and Cindy Dorin ("Plaintiff Dorin") (collectively "Representative Plaintiffs" or "Plaintiffs")[1] have submitted to the Court a Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (the "Final Approval Motion");

2. WHEREAS, this Court has reviewed the Final Approval Motion, the memorandum and declarations submitted in support thereof, and the Settlement Agreement and exhibits thereto;

3. WHEREAS, the Court held a Final Approval Hearing on November 19, 2021, at which time all interested persons were afforded the opportunity to be heard; and

4. WHEREAS, based on the papers filed with the Court and all of the submissions and arguments presented to the Court, it appears to the Court that the proposed Settlement is fair, adequate, and reasonable;

5. WHEREAS, based on the papers filed with the Court and all of the submissions and arguments presented to the Court, it appears to the Court that the Class to be certified satisfies all the prerequisites of Fed. R. Civ. P. 23(a) and (b).

---

[1] Capitalized terms have the same meaning as in the Stipulation of Settlement ("Settlement Agreement") previously filed with the Court as Exhibit A to the Declaration of Chet B. Waldman in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, filed on February 1, 2021. *See* ECF No. 45-1.

NOW, THEREFORE, IT IS HEREBY ORDERED:

6. The Motion is **GRANTED**.

7. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

8. The Court hereby affirms its determinations in the Order Granting Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Reimbursement of Expenses, and Service Award to Representative Plaintiffs.

9. The Court hereby affirms its determinations in the Order Granting Preliminary Approval and finally certifies, for the purposes of settlement only, the Class as defined in the Settlement Agreement. Excluded from the Class are those persons who timely and validly requested exclusion from the Settlement Class.

10. The Court hereby affirms its determinations in the Order Granting Preliminary Approval and finally certifies Plaintiffs as Class Representatives for the Class and finally appoints Wolf Popper LLP as Class Counsel.

11. The Court finds that Notice was given in accordance with the terms of the Settlement Agreement and this Court's orders. The Court finds the Notice constituted the best notice practicable under the circumstances and complied fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and other applicable law.

12. There have been no objections to the Settlement.

13. The Court hereby finally approves the Settlement, finding it to be fair, reasonable, and adequate in all respects. This Court further finds no fraud or collusion

between the Parties or their counsel in negotiating the Settlement.

14. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

15. The Court dismisses the Action in its entirety, with prejudice, and without costs to any Party, except as specifically provided in the Settlement Agreement.

16. The Court adjudges that the Representative Plaintiffs and all Class Members shall, to the extent provided by the Settlement Agreement, be deemed to have fully, finally, and forever released and discharged each and every one of the Released Claims.

17. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: implementation of the Settlement; all parties for the purpose of construing, enforcing, and administering the Settlement and this Order; and other matters related or ancillary to the foregoing.

18. Neither this Order nor the Settlement Agreement is an admission or concession by Defendants of any fault, omission, liability, or wrongdoing. The final approval of the Settlement Agreement does not constitute any finding, opinion, position, or determination of this Court, one way or another, as to the merits of the claims in this Action.

19. The Court finds no just reason exists for delay in entering this Order. Accordingly, the Clerk is hereby directed forthwith to enter this Order.

IT IS SO **ORDERED.**

November __29__, 2021

_____
George C. Hanks, Jr.
United States District Judge